# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF NEW YORK

darts brooklyn bey, sui juris,

American Indian Moor,

Plaintiff,

v.

OFFICER CALDERONE BRENDAN A (Badge #16893),

101st PRECINCT (NYPD),

QUEENS CENTRAL BOOKING,

Defendants.



Case No.:

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS

(Constitutional Violations Pursuant to 42 U.S.C. § 1983)

# I. JURISDICTION & VENUE

1. This is a civil action seeking damages and injunctive relief for the deprivation of rights secured by the Constitution of the United States under 42 U.S.C. § 1983.

2. Jurisdiction is proper under 28 U.S.C. §§ 1331, 1343, and 2201.

3. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2), as the acts occurred in Queens, New York.

REC'D IN PRO SE OFFICE
JUN 18 '25 PM 1:27

## II. PARTIES

4. Plaintiff Darts Brooklyn Bey is a living man, sui juris, of American Indian Moor descent, exercising rights in proper persona.

5. Defendant Officer Calderone Brendan A, Badge #16893, acted under color of state law at all times relevant.

6. Defendant 101st Precinct is a division of the NYPD.

7. Defendant Queens Central Booking is a state-run facility under jurisdiction of New York's criminal processing system.

## III. FACTUAL ALLEGATIONS

8. On May 23, 2025, at approximately 9:51 PM, Plaintiff was traveling in his private automobile, lawfully exercising his unalienable right to locomotion, when he was stopped by Officer Calderone without a warrant, emergency, or probable cause.

9. Officer Calderone initiated a stop with no emergency, no warrant, and no probable cause.

10. Officer Calderone acknowledged Plaintiff's correct legal position that a driver's license pertains to commercial activity, yet stated "the state doesn't recognize that," effectively disregarding federal supremacy and due process.

11. Plaintiff was arrested without probable cause, removed from his private property, and taken into custody.

12. Plaintiff refused fingerprinting, stating that he had not been lawfully charged or arraigned.

13. Officer promised a Desk Appearance Ticket, but instead, Plaintiff was unlawfully transported to Queens Central Booking and held.

14. Plaintiff's vehicle, keys, and private license plate were confiscated without warrant, inventory, or receipt.

# IV. CAUSES OF ACTION

---

### COUNT I – UNLAWFUL SEARCH, SEIZURE & DETENTION

Fourth Amendment Violation – 42 U.S.C. § 1983

Facts & Violations:

Officer Calderone seized Plaintiff's person and property without probable cause or warrant, violating the Fourth Amendment. The stop extended beyond any lawful investigatory purpose. There was no articulable suspicion of a crime, and Plaintiff was not engaged in commerce.

Case Applications:

1. Rodriguez v. United States, 575 U.S. 348 (2015) –

   Officer Calderone extended the stop beyond any legitimate traffic purpose without reasonable suspicion, constituting an unlawful seizure under Rodriguez.

2. Torres v. Madrid, 592 U.S. ___ (2021) –

   By removing Plaintiff from his automobile under physical compulsion, Officer Calderone effectuated a seizure through force, even without consent or flight, violating Torres.

3. Florida v. Royer, 460 U.S. 491 (1983) –

   Officer Calderone detained Plaintiff under color of law, without probable cause or warrant, under false pretense of lawful authority, directly contradicting Royer, which prohibits investigatory detentions morphing into de facto arrests.

## COUNT II – PROCEDURAL AND SUBSTANTIVE DUE PROCESS VIOLATION

Fourteenth Amendment – 42 U.S.C. § 1983

Facts & Violations:

Plaintiff was processed and detained without formal charges, arraignment, or probable cause. Property was seized without notice or opportunity to object. The promises made to secure fingerprinting (Desk Appearance Ticket) were knowingly false.

Case Applications:

1. Mathews v. Eldridge, 424 U.S. 319 (1976) –

    Plaintiff was denied any pre-deprivation or post-deprivation hearing regarding his property, violating procedural due process under Mathews.

2. Fuentes v. Shevin, 407 U.S. 67 (1972) –

    Officer Calderone's seizure of Plaintiff's vehicle, keys, and tags without notice or hearing directly violates Fuentes, which prohibits unauthorized takings.

3. Brendlin v. California, 551 U.S. 249 (2007) –

    Plaintiff, though asserting sovereignty, was seized and detained without probable cause. Under Brendlin, this seizure violated his Fourth and Fourteenth Amendment rights.

---

## COUNT III – CONSPIRACY TO INTERFERE WITH CIVIL RIGHTS

Violation of 18 U.S.C. § 241

Facts & Violations:

Officer Calderone acknowledged Plaintiff's position was legally accurate, then conspired with booking agents and other officers to suppress his rights through false arrest and coerced detention. The conspiracy was not merely de facto, but coordinated through misrepresentation and omission.

Case Applications:

1. United States v. Price, 383 U.S. 787 (1966) –

   Officer Calderone, acting under color of law, entered into a tacit agreement to deprive Plaintiff of liberty and due process, consistent with the definition of conspiracy in Price.

2. United States v. Guest, 383 U.S. 745 (1966) –

   The coordinated actions of Calderone and booking agents to falsely imprison Plaintiff without charge or warrant qualify as conspiracy to interfere with federally protected rights under Guest.

3. United States v. Causey, 185 F.3d 407 (5th Cir. 1999) –

   The booking officials' active participation and failure to intervene, even when Plaintiff had not been lawfully charged, constitutes joint conspiratorial conduct under Causey.

## COUNT IV – FALSE ARREST AND FALSE IMPRISONMENT

Common Law Tort & Fourth Amendment Violation – 42 U.S.C. § 1983

Facts & Violations:

Plaintiff was arrested without a warrant, held without arraignment, and was denied the promised Desk Appearance Ticket. He was incarcerated without charges. The entire sequence constitutes false arrest and imprisonment under federal law and common law.

Case Applications:

1. Wallace v. Kato, 549 U.S. 384 (2007) –

   Plaintiff's detention began without legal justification or judicial oversight, directly meeting the criteria for false arrest under Wallace.

2. Gipson v. Callahan, 18 F. Supp. 2d 662 (W.D. Tex. 1997) –

   The absence of probable cause and the lack of any formal charges render Plaintiff's seizure and holding illegal under Gipson.

3. Manuel v. City of Joliet, 580 U.S. 357 (2017) –

   Plaintiff's prolonged detention at Central Booking with no judicial process constitutes continued Fourth Amendment violation, as clarified in Manuel.

---

## V. RELIEF REQUESTED

Plaintiff respectfully demands:

1. Declaratory Relief that the arrest and detention violated his Fourth and Fourteenth Amendment rights.

2. Immediate Return of Property: Private conveyance, keys, and custom license plate.

3. Compensatory Damages of no less than $250,000 for emotional distress, unlawful detention, and property loss.

4. Punitive Damages of no less than $750,000 against Defendant Calderone and 101st Precinct for gross misconduct.

5. Injunctive Relief prohibiting NYPD from detaining non-commercial travelers under pretext of regulatory codes.

6. Legal Fees and Costs under 42 U.S.C. § 1988.

7. Any other relief this Court deems proper.

## VI. JURY DEMAND

Plaintiff demands trial by jury on all issues so triable.

---

Respectfully Submitted,

/s/darts brooklyn bey sui juris

445 Beach 51st Street APT#2D

Far Rockaway, NY 11691

All rights reserved, without prejudice

*[signature] darts brooklyn boy*
6/18/25