# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF NEW YORK

Darts Brooklyn Bey, Plaintiff

v.

Officer Calderone Brendan A (Badge #16893), and The City of New York, Defendants

Case No.: 1:25-cv-03495   25CV3495

## AMENDED COMPLAINT FOR VIOLATION OF CIVIL RIGHTS

## I. JURISDICTION & VENUE

1. This action arises under 42 U.S.C. § 1983, which authorizes individuals to seek redress for violations of constitutional rights committed by state actors.

2. The Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1343 (civil rights violations).

3. Venue is proper under 28 U.S.C. § 1391(b), as the events giving rise to this action occurred in Queens, New York, within the jurisdiction of the Eastern District of New York.

## II. PARTIES

4. Plaintiff: Darts Brooklyn Bey, an American Indian Moor, appearing in proper persona.

5. Defendant Officer: Calderone Brendan A (Badge #16893), employed by the New York City Police Department (NYPD), and at all relevant times acting under color of state law.

6. Defendant Municipality: The City of New York, a municipal corporation organized under the laws of the State of New York. Pursuant to New York City Charter § 396, the City of New York is the proper party to be sued for actions taken by its employees.

## III. STATEMENT OF FACTS

7. On May 23, 2025, at approximately 9:51 PM, Plaintiff was traveling in a private automobile when he was pulled over by Officer Calderone.

8. During the stop, Officer Calderone acknowledged that a driver's license is considered a state "privilege" tied to commercial activity, and further admitted that individuals do not require a driver's license when exercising their constitutionally protected right to travel.

9. Despite this admission, Officer Calderone arrested Plaintiff without probable cause, thereby knowingly violating Plaintiff's constitutional rights.

10. Plaintiff expressly refused consent to fingerprinting, citing the absence of any criminal conviction or lawful basis.

11. Officer Calderone falsely assured Plaintiff that fingerprinting would result in a desk appearance ticket; instead, Plaintiff was transferred to a holding facility.

12. Plaintiff's private automobile, keys, and private plate were seized without receipt, inventory, or lawful documentation.

13. Officer Calderone further admitted that Plaintiff's legal position regarding the driver's license as a commercial instrument was correct, but stated that "the State does not acknowledge it."

14. The actions of Officer Calderone were taken under color of law, without lawful justification, in violation of Plaintiff's Fourth and Fourteenth Amendment rights.

15. The City of New York is liable to the extent Officer Calderone's conduct was performed in his official capacity as an employee of the City.

# IV. VIOLATION OF NEW YORK CITY CHARTER

16. Under New York City Charter § 396, the City of New York—not its departments or subdivisions—is the proper legal entity to be sued for misconduct by municipal employees.

17. Officer Calderone's actions—including unlawful arrest, seizure of property without documentation, and misrepresentation of legal obligations—constitute violations of the City's duty to ensure lawful conduct by its agents.

18. The NYPD, as an administrative arm of the City, is subject to oversight through internal mechanisms such as Internal Affairs and the Civilian Complaint Review Board.

19. The failure to prevent or correct Officer Calderone's misconduct reflects a breakdown in required internal oversight.

20. The City of New York, through failure to train, supervise, or discipline Officer Calderone, permitted unconstitutional practices to occur, thereby exposing itself to liability under Monell v. Department of Social Services, 436 U.S. 658 (1978).

---

# V. LEGAL CLAIMS & CASE LAW SUPPORT

## COUNT 1 – FOURTH AMENDMENT VIOLATION (UNLAWFUL STOP, SEIZURE, AND SEARCH)

- Rodriguez v. United States, 575 U.S. 348 (2015) – Prolonging a traffic stop without reasonable suspicion violates the Fourth Amendment.

- Torres v. Madrid, 592 U.S. ___ (2021) – Physical seizure without lawful justification constitutes a Fourth Amendment violation.

### COUNT 2 – FOURTEENTH AMENDMENT VIOLATION (DUE PROCESS)

- **Brendlin v. California, 551 U.S. 240 (2007)** – A passenger or occupant unlawfully stopped or detained has standing to challenge constitutional violations.

### COUNT 3 – MUNICIPAL LIABILITY UNDER 42 U.S.C. § 1983 (CITY OF NEW YORK)

- **Monell v. Department of Social Services, 436 U.S. 658 (1978)** – Municipalities may be held liable when constitutional violations result from policy, practice, or failure to train.

- **Bazile v. City of New York, 215 F. Supp. 2d 354 (S.D.N.Y. 2002)** – New York City may be held responsible where police misconduct reflects a policy or custom of constitutional violations.

---

## VI. DAMAGES

Plaintiff asserts that the unlawful actions of Defendants caused:

- Emotional distress, including humiliation, anxiety, and fear from the unlawful arrest and detention.

- Loss of property, including the deprivation of Plaintiff's vehicle, keys, and private plate without lawful process.

- Constitutional injuries, compensable under 42 U.S.C. § 1983.

Plaintiff seeks:

- Compensatory damages in the amount of $250,000.

- Punitive damages in the amount of $500,000.

- Costs of litigation, including filing fees and any other related expenses.

## VII. RELIEF REQUESTED

Plaintiff respectfully requests that this Court:

1. Declare that Defendants violated Plaintiff's constitutional rights.

2. Award Plaintiff the monetary relief outlined above.

3. Grant such other relief as the Court deems just and proper.

## VIII. JURY DEMAND

Plaintiff demands a jury trial pursuant to Federal Rule of Civil Procedure 38.

DATED: 9/3/25
RESPECTFULLY SUBMITTED,

/s/Darts Brooklyn Bey